**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30003 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30040-PA |
| v. | |
| RAUL HERNANDEZ-FRANCO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Raul Hernandez-Franco appeals from the 57-month sentence imposed

following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C.

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez-Franco contends the district court procedurally erred by failing

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

to address his arguments relating to the intra-district disparity created by the government's refusal to offer him a "fast track" plea agreement. The record reflects that the district court listened to and considered Hernandez-Franco's arguments in this regard, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 995-96 (9th Cir. 2008) (en banc); *see also United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000) (en banc) ("Courts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, and whether to engage in plea negotiations.").

Hernandez-Franco also contends his sentence is substantively unreasonable because it is based on a 16-level enhancement under U.S.S.G. § 2L1.2(b) which lacks any empirical basis and triple counts his criminal history. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**